UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 11-126-GWU

GREGORY DAVIDSON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Gregory Davidson brought this action to obtain judicial review of an administrative denial decision on his application for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

11-126 Gregory Davidson

              in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

    4.     At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

    5.     If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

      Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

2

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

11-126 Gregory Davidson

then an award of benefits may, under certain circumstances, be had. E.g., <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Davidson, a 43-year-old former barrel assembler with a high school education, suffered from impairments related to small lumbar herniation. (Tr. 41, 46). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 43, 46). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered to be totally disabled.

(Tr. 47). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of SSI. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as: (1) an inability to more than frequently climb stairs, balance, stoop, kneel, crouch, or crawl; (2) an inability to more than occasionally climb ladders, ropes or scaffolds; and (3) the need for a sit/stand option in 30 to 60 minute intervals. (Tr. 26-27). In response, Ellis identified a significant number of jobs which could still be performed. (Tr. 27). The ALJ relied upon this information to support the administrative denial decision. (Tr. 47).

Davidson argues that the ALJ erred in evaluating his physical condition by failing to give controlling weight to the opinion of Dr. Shawn Hudson, a treating source. Dr. Hudson opined in February of 2010 that the plaintiff would be unable to stand for more than one hour a day, would be unable to sit for more than two hours a day, would be unable to perform lifting, bending or reaching above shoulder

level more than occasionally, would never be able to perform squatting, crawling or climbing, and would need to avoid any exposure to unprotected heights or moving machinery and to avoid more than moderate exposure to dust, fumes and gases. (Tr. 353).  These are far more severe physical restrictions than those found by the ALJ and presented to the vocational expert.  The ALJ rejected Dr. Hudson's opinion because he did not believe that the medical findings of record, including those of the doctor himself, supported it.  (Tr. 46).  However, Dr. Hudson did have access to an August 14, 2009 MRI scan of the lumbar spine which revealed a small, paracentral disc herniation which was "probably" touching the nerve root.  (Tr. 345, 373).  Dr. Michael Marks, the radiologist, opined that this could be the cause of the plaintiff's symptoms.  (Tr. 345-346).  Dr. David Hays, the physician who requested the MRI scan, opined that it revealed a bulging disc with nerve root compression and indicated the need for a consultation with a neurosurgeon.  (Tr. 351).  Thus, at least some objective medical evidence appears to support Dr. Hudson's opinion.  Therefore, this opinion, while not necessarily being entitled to "controlling" weight, might be entitled to at least some weight.

In determining Davidson's residual functional capacity, the ALJ relied upon the opinions of Dr. Robert Hoskins, an examining source, and the non-examining medical reviewers, Dr. George Cross and Dr. Sudhideb Mukherjee.  (Tr. 46).  The undersigned finds problems with reliance upon each of these sources.

Dr. Hoskins saw Davidson in February of 2009 and stated that he would have limitations in sitting, standing, bending, stooping, squatting, kneeling, carrying and lifting but no musculoskeletal restrictions which would "clearly exclude some ambulation, standing, sitting, handling, gross manipulation or traveling." (Tr. 206). The claimant's musculoskeletal problems were also said not to "clearly exclude all light carrying or some bending, squatting, crawling, and balancing." (Id.).  The ALJ conceded that these were vague restrictions, an assessment with which the undersigned agrees.  (Tr. 46).  Dr. Cross indicated that the opinion of Dr. Hoskins was too vague to be of significant use in rating the plaintiff's degree of impairment and gave it "little weight." (Tr. 230).  The doctor did not have access to the August, 2009 MRI scan showing the existence of disc herniation with possible nerve root compression.  Furthermore, while his restrictions were vague, Dr. Hoskins arguably suggests the existence of limitations regarding gross manipulation and handling that were not found by the ALJ and presented in the hypothetical question while the restrictions for only "some" bending, squatting, crawling and balancing are arguably more extensive than the "frequent" limitation given to the vocational expert. Therefore, the opinion of Dr. Hoskins does not support the administrative decision.

Dr. Cross and Dr. Mukherjee each opined that Davidson was limited to medium level work restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds and an inability to more than

8

11-126 Gregory Davidson

frequently climb ramps or stairs, balance, stoop, kneel, crouch and crawl. (Tr. 224-231, 246-253). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Social Security Ruling 96-6p suggests that when the examiner is also a treating source, then the non-examiner needs to have reviewed a complete record which contains the opinion of a specialist who had access to more detailed and comprehensive information than the treating source. In the present action, Dr. Cross saw the record in April of 2009 and, so, had no opportunity to see and comment upon the August, 2009 MRI scan or the February, 2010 opinion of Dr. Hudson. (Tr. 231). Dr. Mukherjee saw the record in August of 2009 but made no mention of the MRI scan and stated only that he affirmed the prior opinion of Dr. Cross. (Tr. 247, 253). Obviously Dr. Mukherjee also did not see the opinion of Dr. Hudson. The ALJ should at least have sought the advice of a medical advisor who had reviewed a complete record. Therefore, a remand of the action for further consideration is required.

Davidson also argues that his medical problems would prevent him from maintaining employment and, so, he could not meet the duration requirements for substantial gainful activity. The plaintiff cites the Ninth Circuit Court of Appeals case of Gatliff v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999).

11-126 Gregory Davidson

However, in <u>Gatliff</u>, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. <u>Gatliff</u>, 172 F.3d at 692. In the present action, Davidson has not identified similar evidence suggesting that he would not be able to maintain employment. Therefore, the court must reject this argument of the plaintiff.

The undersigned concludes that the administrative decision should be reversed and remanded for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 30th day of December, 2011.

Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**